NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3370
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

JOSE NUNEZ,

Appellant
_____

On Appeal from the District Court of the Virgin Islands
Appellate Division of St. Thomas
(D.C. Criminal Action No. 3-05-cr-00104-001)
District Judges:  Hon. Curtis V. Gomez and Hon. Raymond L. Finch
Superior Court Judge: Honorable Julio A. Brandy
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011
_____

Before:  SCIRICA, RENDELL and AMBRO, Circuit Judges

(Opinion filed: April 21, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Jose Nunez was convicted by a jury in the Superior Court of the Virgin Islands of

first degree rape and first degree assault with intent to commit rape.  He was sentenced to

concurrent terms of 25 years' imprisonment on the rape count and 10 years' imprisonment on the assault count. He appealed to the Appellate Division of the District Court of the Virgin Islands, which held that assault was a lesser included offense of rape, and therefore the convictions were multiplicitous. It thus remanded to the Superior Court to vacate Nunez's conviction and sentence for assault. The Court rejected Nunez's other assignments of error, and he appeals. We affirm the District Court's judgment.

## I. Background

In December 2003 Nunez was accused of raping his housemate. He was arrested and charged with first degree rape (in violation of 14 V.I.C. §§ 1700(a), 1701(2)), first degree assault with intent to commit rape (in violation of 14 V.I.C. § 295(3)), carrying or possessing a weapon (in violation of 14 V.I.C. § 2251(a)(2)), and third degree assault (in violation of 14 V.I.C. § 297(2)). Nunez's defense at trial was that his sexual relationship with the victim was consensual. A jury convicted him of the first two charges and acquitted him of the latter two.

At trial, FBI Agent Kristina Losquadro testified for the Government that chemical tests were done on a vaginal swab and that those tests could indicate the presence of blood. The accompanying FBI report, which was entered into evidence as Exhibit 9, concluded that the presence of blood in the victim's vaginal area could not be confirmed. During its case, defense counsel examined Nunez's sister, Lorensa Torres, in an effort to refute the Government's theory that Nunez had changed his story after speaking to his sister at the police station after his arrest (he had first told police that he did nothing to the victim). After Torres' testimony, the Court commented on the Government's decision to

2

conduct cross-examination, questioning its purpose for doing so.

At the close of testimony, defense counsel requested that closing arguments be postponed until the next day, given the late hour. The Court denied the request. Accordingly, the Government, and then the defense, gave their closing arguments. Prior to the Government's rebuttal, it also asked for a postponement until the next day, and the Court acquiesced. The next day, during the Government's rebuttal, it stated that blood was present on the vaginal swab. Defense counsel objected to the Government's characterization of the evidence. The following day, the Court instructed the jury that the Government's statements were not evidence and that the jurors should rely only on the FBI reports in evidence.

During deliberations, the jury conveyed to the Court that it needed "a clearer understanding of the charges." In response, the Court re-read the elements of the charged crimes but declined to comment any further.

On appeal, Nunez makes the following arguments.

- The Superior Court's comments after Torres' testimony were inappropriate and undermined her testimony, which resulted in prejudice.
- The Government's statements in closing regarding the blood evidence testimony prejudiced him, and the curative instruction was insufficient to cure this prejudice.
- The District Court incorrectly attributed to "trial management" the Superior Court's decision to allow the Government to present its closing rebuttal

3

statements the next day; he contends that this was a denial of his right to effective assistance of counsel.

- The Superior Court failed to provide additional clarifying instructions to the jury regarding the elements of the charges.

- The District Court failed to address Nunez's argument that the compilation of these alleged errors requires a new trial.

We do not find these arguments persuasive and, for the reasons that follow, affirm the District Court's judgment.[1]

## II. Discussion

We reject Nunez's attempt to characterize the overnight break during closing arguments as a denial of Nunez's right to counsel, as we agree with the District Court that Nunez's ineffective assistance-of-counsel argument is no more than an objection to the Court's handling of the trial. The Superior Court's decision regarding the timing of closing arguments was discretionary trial management. *See United States v. Rana*, 944 F.2d 123, 126 (3d Cir. 1991) (quotation marks omitted). It did not abuse its discretion in declining defense counsel's request to group the closing arguments together and postpone the rebuttal until the following day.

We also disagree with Nunez's argument that the Superior Court improperly failed to give additional clarifying instructions to the jury. Provided a court does not misstate

---

[1] The Superior Court of the Virgin Islands had jurisdiction under 4 V.I.C. § 76. The Appellate Division of the District Court of the Virgin Islands had jurisdiction under 48 U.S.C. § 1613a(a), (d). We have jurisdiction under 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c).

the law, we review its jury instructions for abuse of discretion. *United States v. Hoffecker*, 530 F.3d 137, 173-74 (3d Cir. 2008). As noted by the District Court, the jury did not ask any additional questions after the trial judge re-read the elements of the crimes charged. Nor does the record suggest that there was any lingering juror confusion. Accordingly, we conclude there was no abuse of discretion.

With respect to Nunez's remaining issues, after reviewing the parties' briefs and relevant portions of the record, we conclude that the District Court correctly applied the relevant legal standards. We thus agree with that Court, for substantially the same reasons contained in its fine opinion, that there was no reversible error arising from the Superior Court's comments after Torres' testimony or from the Government's statements regarding the blood evidence.

Because we agree with the District Court that the Superior Court did not commit a series of cumulative errors, as Nunez alleges, we cannot conclude that due process requires a new trial. *Cf. United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994) (noting that where a defendant alleges mistrial based on cumulative error, a new trial is required only when the combination of errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial").

\* \* \* \* \*

We thus affirm the District Court's judgment affirming the Superior Court's judgment of conviction for first degree rape.

5